UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Christian Stephon Miles, | Case No. 2:23-cv-00500-CDS-EJY |
| Plaintiff | **Order Granting Defendants' Motion to Dismiss, Denying Defendants' Motion for Summary Judgment, Granting Defendants' Motion for Leave** |
| v. | |
| Clark County, et al., | |
| Defendants | [ECF Nos. 26, 27, 28] |

Plaintiff Christian Stephon Miles is currently detained in Clark County Detention Center and brings this lawsuit against Clark County and a number of other defendants. Compl., ECF No. 4. Defendants Amanda Abendroth,[1] Elmis Cabrera, Curtis Davis, Brian Hightower, Tyshuan Malone, Derek Rexroad, and Nicole Sittre (collectively, "LVMPD defendants") seek dismissal of Miles's claims against them under Federal Rule of Civil Procedure 41(b). ECF No. 26. In the alternative, they move for summary judgment. ECF No. 27. In association with their summary judgment motion, LVMPD defendants move for leave to manually file video exhibits under seal. ECF No. 28. As of the date of this order, no oppositions—or requests for additional time—have been filed, so I grant the defendants' motions to dismiss. Because I grant the motion to dismiss, I deny the motion for summary judgment as moot.[2]

---

[1] "A. Johnson," who is represented by the same counsel as the others filing this motion, is not listed on the motion as a member of the "LVMPD defendants." ECF No. 26. However, the electronic filing acknowledges that "A. Johnson" is one of the defendants seeking dismissal, *See* entry at ECF No. 26. Simultaneously, there is no named defendant in the original lawsuit with the last name "Abendroth." This has not been explained in defendants' briefing, so I assume one of two things: either (1) A. Johnson is Amanda Johnson, who has since changed their last name to Abendroth, or (2) that the non-attachment of A. Johnson was a scrivener's omission. In an abundance of caution, I will refer to defendant A. Johnson as a separate individual and include them in the group of defendants filing these motions, ensuring that, either way, all remaining defendants are covered by this order. *See, e.g., United States v. Rodriguez-Lopez*, 15 F. App'x 535, 536 (9th Cir. 2001), *opinion vacated on other grounds by*, 51 F. App'x 664 (9th Cir. 2002) (correcting a scrivener's omission).

[2] The motion for leave is also granted, as discussed below.

## I. Legal Standard

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

## II. Discussion

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Miles's claims against LVMPD defendants. Miles has failed to respond to the motion to dismiss, even though many months have now passed since the July 30, 2024 response deadline. Miles's non-compliance slows the expeditious resolution of this litigation by delaying the set briefing schedule and interferes with the court's ability to manage its docket. *T.G. v. Bd. of Trustees*, 2022 U.S. Dist. LEXIS 133058, *5 (D. Mont. July 6, 2022) ("The Court cannot manage its docket if Plaintiffs do not respond to motions . . . [t]his case [] cannot proceed if Plaintiffs fail to participate."); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby

allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).[3]

The third factor also weighs in favor of dismissing Miles's claims. There is no apparent risk of prejudice to defendants by dismissing the action at this time; indeed, defendants filed the instant motions to dismiss.

The fourth factor weighs against dismissing Miles's claims against LVMPD defendants. This is because public policy favors disposing of cases on their merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, this factor is not weighty here; the Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Here, Miles did not file a response opposing the motions, making resolution on the merits difficult, if not impossible. *See Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, at *17–18 (E.D. Cal. Aug. 16, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here, a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the merits impossible.") (citation omitted). And "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228.

---

[3] This is also not the first time Miles has neglected court-imposed deadlines in cases he has initiated. In a prior lawsuit, many of Miles's claims were dismissed at the motion for summary judgment stage "based on Miles' repeated failure to comply with court orders and failure to adequately participate in the discovery process." *Miles v. Clark Cnty.*, 2024 WL 1720823, at *5 (D. Nev. Apr. 22, 2024). This pattern has repeated here, as Miles does not appear interested in pursuing the claims he filed.

Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here. *See Ash*, 739 F.2d at 496 (dismissal without prejudice is considered a lesser sanction and therefore is a "more easily justified sanction for failure to prosecute"); *see also Childers v. Arpaio*, 2009 WL 3756487, at *2 (D. Ariz. Nov. 5, 2009) (dismissal without prejudice imposed as a "less drastic sanction" compared to dismissal with prejudice). By dismissing the claims against without prejudice, Miles remains free to continue to pursue his claims, if necessary and appropriate, in a subsequent proceeding.[4] Accordingly, because the fifth factor also weighs in favor of dismissal, and because dismissal is permitted under the local rules, I grant LVMPD defendants' unopposed motion to dismiss. Therefore, LVMPD's motion for summary judgment is denied as moot.

Separately, I grant LVMPD defendants' motion to seal the video exhibits on the physical disc manually filed with the court. The standard applicable to a motion to seal turns on whether the underlying materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Summary judgment motions on the merits of the case are dispositive. *See, e.g., Arizona Landlord Rsch. Servs., LLC v. Arizona*, 2006 WL 8440312, at *8 (D. Ariz. July 20, 2006) ("the grant of summary judgment is dispositive"); *United States ex rel. Englund v. Los Angeles Cnty.*, 2006 WL 3097941, at *16 (E.D. Cal. Oct. 31, 2006) ("The court's ruling on the [defendant's] motion for summary judgment is dispositive as to the entirety of plaintiff's complaint."). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

---

[4] Therefore, this order is not an adjudication on the merits of the claims. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

4

The video LVMPD defendants wish to have sealed "contains footage of Plaintiff being moved to an administrative holding cell and, as part of that transfer, having to undergo a strip search." ECF No. 28 at 2. The video does not show Miles with his clothes removed but nonetheless is an extreme form of embarrassment and a privacy concern that justifies sealing. *See K.S. v. City of Puyallup*, 2014 WL 3056817, at *3 (W.D. Wash. July 7, 2014) ("both discs contain footage of the Plaintiffs using the toilet and/or changing clothes. Both discs should be sealed at this time.").

Additionally, Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because Miles has not served defendant Hugo Rodriguez, the court sua sponte dismisses this action against him.

## II.  Conclusion

IT IS THEREFORE ORDERED that LVMPD defendants' motions to dismiss **[ECF No. 26] is GRANTED** and Miles's complaint is DISMISSED WITHOUT PREJUDICE against defendants.

IT IS FURTHER ORDERED that this case **is DISMISSED** as to Hugo Rodriguez.

IT IS FURTHER ORDERED that LVMPD defendants' motion for summary judgment **[ECF No. 27] is DENIED as moot**.

IT IS FURTHER ORDERED that LVMPD defendants' motion to seal the video files manually filed with the court **[ECF No. 28] is GRANTED.**

The Clerk of Court is instructed to enter judgment accordingly and to close this case.

Dated: December 10, 2024

_____
Cristina D. Silva
United States District Judge